# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
### No. 21-1837V

* * * * * * * * * * * * * * * * * * * * * * * * *
```
                                    *
TAYLOR NICOL,                       *      Chief Special Master Corcoran
                                    *
              Petitioner,           *
                                    *      Filed:  July 6, 2023
       v.                           *
                                    *
SECRETARY OF HEALTH                 *
AND HUMAN SERVICES,                 *
                                    *
              Respondent.           *
                                    *
```
* * * * * * * * * * * * * * * * * * * * * * * * *

*Anne Carrion Toale*, Maglio Christopher and Toale, Sarasota, FL, for Petitioner.

*Rachelle Bishop*, U.S. Dep't of Justice, Washington, DC, for Respondent.

### DECISION GRANTING ATTORNEY'S FEES AND COSTS[1]

On September 10, 2021, Taylor Nicol filed a petition seeking compensation under the National Vaccine Injury Compensation Program ("Vaccine Program").[2] Petitioner alleges that he suffered from Guillain-Barré syndrome as a result of receipt of the tetanus, diphtheria, and pertussis vaccine on July 22, 2020. Moreover, Petitioner alleges that he experienced residual effects of this injury for more than six months. The parties agreed at the start of 2023 in a stipulation that the issues before them could be settled. ECF No. 35. I then issued a decision awarding Petitioner compensation. *See* Decision, dated January 13, 2023. ECF No. 36.

---

[1] Under Vaccine Rule 18(b), each party has fourteen (14) days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public in its present form. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

Petitioner has now filed a motion for a final award of attorney's fees and costs. Motion, dated June 28, 2023 (ECF No. 40). This is Petitioner's only such request. Petitioner seeks an award of $67,201.68 in attorney's fees and costs ($65,295.00 in fees plus $1,906.68 in costs) for the work of attorneys at Maglio Christopher and Toale (the "Maglio Firm") performed from March 2021 to the present date. ECF No. 40 at 1–2. Respondent reacted to the fees request on June 30, 2023. *See* Response, June 30, 2023 (ECF No. 41). Respondent is satisfied that the statutory requirements for an attorney's fees and costs award are met in this case, but defers the calculation of the amount to be awarded to my discretion. *Id.* at 2–3. Petitioner filed their reply on July 5, 2023. *See* Reply, July 5, 2023. Petitioner asserts that Respondent's position regarding fees and costs is overly burdensome on the Court and prejudices Petitioner. *Id.* at 2–3. Petitioner otherwise argues that he has met his burden of establishing reasonable fees and costs. *Id.* at 4–5.

For the reasons set forth below, I hereby **GRANT** Petitioner's motion, awarding fees and costs in the total amount of **$67,201.68**.

## ANALYSIS

### I.    Attorney's Fees

Because Petitioner's claim was successful, the Act entitles him to an award of attorney's fees. Section 15(e). Determining the appropriate amount of the fees award is a two-part process. The first part involves application of the lodestar method - "multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Avera v. Sec'y of Health & Hum. Servs.*, 515 F.3d 1343, 1347–48 (Fed. Cir. 2008) (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). The second part involves adjusting the lodestar calculation up or down to take relevant factors into consideration. *Id.* at 1348. This standard for calculating a fee award is considered applicable in most cases where a fee award is authorized by federal statute. *Hensley v. Eckerhart*, 461 U.S. 424, 429–37 (1983).

An attorney's reasonable hourly rate is determined by the "forum rule," which bases the proper hourly rate to be awarded on the forum in which the relevant court sits (Washington, D.C., for Vaccine Act cases), *except* where an attorney's work was not performed in the forum and there is a substantial difference in rates (the so-called "*Davis* exception"). *Avera*, 515 F.3d at 1348 (citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot. Agency*, 169 F.3d 755, 758 (D.C. Cir. 1999)). A 2015 decision established the hourly rate ranges for attorneys with different levels of experience who are entitled to the forum rate in the Vaccine Program. *See McCulloch v. Sec'y of Health & Hum. Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

Petitioner requests the following rates for his attorneys, based on the years work was performed:

| Attorney | 2021 | 2022 | 2023 |
|---|---|---|---|
| Alison Haskins | -- | $460 | -- |
| Altom Maglio | $445 | -- | -- |
| Anne Toale | $475 | $500 | $535 |
| Diana Stadelnikas | -- | $490 | -- |

ECF No. 40 at 4–45.

Ms. Toale and the other Maglio Firm attorneys participating in this case practice in Florida and in Washington, D.C., both of which deemed in forum or comparable to it.[3] Accordingly, they are entitled to the rates established in *McCulloch. See Bielak v. Sec'y of Health & Hum. Servs.*, No. 18-761V, 2023 WL 3742055, at *2 (Fed. Cl. Spec. Mstr. May 31, 2023). And the rates requested for all attorneys and paralegals[4] are consistent with what has previously been awarded for their time, in accordance with the Office of Special Masters' fee schedule.[5] *Porch v. Sec'y of Health & Hum. Servs.*, No. 17-802V, 2023 WL 3301420, at *3 (Fed. Cl. Spec. Mstr. May 8, 2023). I thus find no cause to reduce them in this instance. I deem the time devoted to the matter reasonable as well, and will therefore award it without adjustment.

## II.     Calculation of Costs

Just as they are required to establish the reasonableness of requested fees, petitioners must also demonstrate that requested litigation costs are reasonable. *Presault v. United States*, 52 Fed. Cl. 667, 670 (2002); *Perreira v. Sec'y of Dep't of Health & Hum. Servs.*, 27 Fed. Cl. 29, 34 (1992).

---

[3] *Dezern v. Sec'y of Health & Hum. Servs.*, No. 13-643V, 2016 WL 6678496, at *4 (Fed. Cl. Spec. Mstr. Oct. 14, 2016).

[4] The rates for the 22 paralegals who worked on this matter are also consistent with what has previously been awarded and in accordance with the Office of Special Masters' fee schedule. ECF No. 40 at 44–45. Specifically, Aberlard Roman was billed at $170 in 2022. Amy Semaine billed at $155 in 2021 and $160 in 2022. Audrey Harper billed at $165 in 2021 and $170 in 2022. Chelsea Harris was billed at $165 in 2021. Elena Sia mas billed at $165 in 2021; $170 in 2022; and $180 in 2023. Jacob Hess was billed at $165. Jennifer Guiterrez was billed at $165 in 2021. Kendall Wallin billed at $170 in 2022. Kimberly Dutra was billed at $165 in 2021. Lindsay Wilkinson billed at $165 in 2021 and $160 in 2022. Mackenzie Riordan was billed at $165 in 2021 and $160 in 2022. Madison Alexander billed at $165 in 2021 and $170 in 2022. Melissa Sealy was billed at $165 in 2021. Stephanie Zolli billed at $165 in 2021. Tara Thorn was billed at $165 in 2021 and $170 in 2022. Theresa LaCroix was billed at $165 in 2021. Vincent Antinori was billed at $170 in 2022.

[5] OSM Attorneys' Forum Hourly Rate Fee Scheduling, https://www.uscfc.uscourts.gov/node/2914 (last visited June 28, 2023).

Reasonable costs include the costs of obtaining medical records and expert time incurred while working on a case. *Fester v. Sec'y of Health & Hum. Servs.*, No.10-243V, 2013 WL 5367670, at *16 (Fed. Cl. Spec. Mstr. Aug. 27, 2013). When petitioners fail to substantiate a cost item, such as by not providing appropriate documentation to explain the basis for a particular cost, special masters have refrained from paying the cost at issue. *See, e.g.*, *Gardner-Cook v. Sec'y of Health & Hum. Servs.*, No. 99-480V, 2005 WL 6122520, at *4 (Fed. Cl. Spec. Mstr. June 30, 2005).

Petitioner specifically seeks $1,906.68 in outstanding costs, including the cost of medical record retrieval and postal service usage. ECF No. 40 at 46–47. All requested costs in this matter appear reasonable, and they shall also be awarded in full without reduction.

## CONCLUSION

Based on the foregoing, and in the exercise of the discretion afforded to me in determining the propriety of a final fees award, I **GRANT** Petitioner's Motion for Attorney's Fees and Costs in its entirety, and award a total of **$67,201.68,** reflecting $65,295.00 in attorney's fees and $1,906.68 in costs in the form of a check made jointly payable to Petitioner and his law firm Maglio Christopher & Toale.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court **SHALL ENTER JUDGMENT** in accordance with the terms of this Decision.[6]

**IT IS SO ORDERED.**

s/ Brian H. Corcoran
Brian H. Corcoran
Chief Special Master

---

[6] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notices renouncing their right to seek review.